In the Matter of 55 LIBERTY STREET CORP., Respondent, against WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Appellants. [55 Liberty St., Borough of Manhattan.]— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Peck, P. J., Dore, Cohn, Breitel and Bastow, JJ.

MIRIAM OPPENHEIMER, Appellant, v. ALFRED OPPENHEIMER, Respondent.— Order unanimously affirmed. There is an issue of fact to be tried as to whether the support being furnished for the daughter by plaintiff's present husband, is voluntary and without expectation of reimbursement. Present — Callahan, J. P., Breitel, Bastow, Botein and Bergan, JJ.

JOSE B. CALVA et al., Appellants, v. J. LASKIN & SONS CORPORATION, Respondent, et al., Defendants.— Order unanimously modified to provide that the separate trial be had before the court and a jury and, as so modified affirmed. No opinion. Settle order on notice. Present — Callahan, J. P., Breitel, Bastow, Botein and Bergan, JJ. [See 283 App. Div. 787.]

JOSE A. DE JESUS, Appellant, v. GREENLAND HOLDING CORP., Respondent.— Determination unanimously affirmed, with costs to the respondent. No opinion. Present — Peck, P. J., Dore, Cohn, Callahan and Bergan, JJ.

DEPARTMENT OF PUBLIC WELFARE OF THE CITY OF NEW YORK, Respondent, v. LEE HAMILTON, Appellant.— Order unanimously reversed and a new trial ordered. In our opinion the trial court should have granted an adjournment upon the statement of defense counsel that he had additional medical testimony to prove that defendant was sterile in March, 1951, the alleged time of the conception. The undisputed expert testimony established that the defendant was sterile in February, 1953. The issue of fact was close and such additional testimony would have had material weight in making a decision. The trial court properly excluded the testimony of the defendant as to the absence of physical resemblance between the child and himself. Upon the new trial, however, expert scientific testimony would·be admissible to show that in the course of nature it would be impossible or improbable for the putative father to have begotten a child bearing certain racial characteristics displayed by the child whose paternity is in issue (Schatkin on Disputed Paternity Proceedings, p. 159; *Commissioners v. Whistelo*, 3 Wheel. Cr. Cas. 194). Present — Cohn, J. P., Breitel, Bastow, Botein and Bergan, JJ.

EDWARD M. FRANKEL, Plaintiff, v. CHARLES ROSENBLUM, Doing Business under the Name of STUART LLOYD Co., Defendant. CHARLES ROSENBLUM et al., Appellants, v. ALBERT N. GREENE et al., Partners Doing Business under the Name of GREENE-FRANKEL Co. and Under the Name of GREENE & FRANKEL, et al., Respondents, et al., Defendants.— Judgment, so far as appealed from, unanimously affirmed *nunc pro tunc* as of November 17, 1953, with costs and disbursements to the respondents. No opinion. Present — Peck, P. J., Dore, Cohn, Breitel and Bastow, JJ. [See 283 App. Div. 697.]